## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

STEVE SANDOVAL,

        Petitioner,

vs.                                        Civil No. 00-1012 LH/WWD

RONALD LYTLE, et al.,

        Respondents.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION
### Proposed Findings

    1.  THIS MATTER comes before the Court on Respondent's Motion to Dismiss, filed August 15, 2000 **[docket #10]**. Respondent seeks dismissal of Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on the basis that the petition is time-barred under the one-year statute of limitations period as set out in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  See Hoggro v. Boone, 150 F.3d 1223, 1225 (10th Cir. 1998). AEDPA established a one-year time limitation for filing federal habeas petitions and mandated that the period begin to run on the "date on which the judgment [of conviction] became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).  The new limitation in AEDPA also provides for tolling of the one-year period while post-conviction or collateral review is pending.  § 2244(d)(2).

    2.  Petitioner's Judgment and Sentence was filed on August 26, 1998.  Ans., Ex. A.  His conviction became final 30 days after, on September 26, 1998.  See Fitts v. Williams, No. 00-

2175, 2000 WL 1480494 (10th Cir. N.M.) (where petitioner did not seek direct review and therefore no state court of last resort ruled on his appeal, petitioner cannot include the 90-day period during which he might have filed a writ of certiorari with the United States Supreme Court in the tolling calculus for determining when the conviction became final); see also N.M.Stat.Ann.1978, § 12-201 (notice of appeal shall be filed within thirty days after judgment). The one-year limitations period ended on September 25, 1999, before including any tolling periods.

3. Petitioner filed three state habeas petitions. The first was filed on December 10, 1998 and was pending for one (1) day before it was summarily denied. Ans., Exs. D, E. The second habeas petition was filed on December 27, 1999 (over a year after the first state habeas petition was denied) and was summarily denied on January 7, 2000, pending for eleven (11) days. The third petition was filed on May 30, 2000, Exs. I, J, and was denied on the same day, May 30, 2000, pending for one (1) day. Petitioner filed a petition for writ of certiorari in the New Mexico Supreme Court on June 6, 2000 which was pending for fourteen (14) days before it was denied on June 14, 2000. The total of tolled days is twenty-seven (27) days (1 + 11+ 1+ 14).[1]

4. In order for his federal petition to be timely, Petitioner was required to have filed the petition by October 22, 1999 (adding twenty-seven tolled days to the end of the one-year limitations period of September 25, 1999). The present federal petition was filed on July 12, 2000

---

[1] There appear to be several typographical errors in the chronology set out in the Answer. For example, the petition for writ of certiorari is listed as being filed on June 2, 2000, instead of June 6, 2000 as reflected in the file stamp on the document copy. Ans. at 2, Ex. L. Also, although the Answer correctly lists the order denying writ of certiorari as June 14, 2000 (see Ans. at 2 and Ex. M), the motion to dismiss indicates a tolling period that ends a month later, on July 14, 2000. See Mot. to Dismiss at 1. However, these errors have no bearing on the issue, since even based on these dates, the federal petition is still untimely.

2

and is therefore untimely by almost ten months.  I do not find that any of the equitable tolling provisions of § 2242(d)(2) are implicated.

### Recommendation

I recommend that Petitioner's application for Writ of Habeas Corpus be DENIED and that this cause be dismissed with prejudice on the finding that it is barred as untimely under 28 U.S.C. § 2244(d)(1)(A).

Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations.  A party must file any objections with the clerk of the district court within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations.  If no objections are filed, no appellate review will be allowed.

_____
UNITED STATES MAGISTRATE JUDGE